UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PATRICIA R. BLODGETT,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>    Defendant. | Civ. 08-5038-KES<br><br><br>ORDER AFFIRMING<br>DECISION OF COMMISSIONER |

Plaintiff, Patricia R. Blodgett, appeals the denial of her application for social security benefits by the Social Security Administration. Docket 1. The case was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Docket 11.

On April 17, 2009, Magistrate Judge Duffy submitted her report and recommendation for disposition of this case to the court. Docket 12. Blodgett filed objections to the proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). Docket 13. Blodgett asserts that the magistrate judge erred (1) in finding that substantial evidence in the record supports the Administrative Law Judge ("ALJ") in his determination that Blodgett's complaints of disabling pain were not credible; and (2) in affirming the ALJ's decision not to give the opinion of Blodgett's treating physician controlling weight. Defendant filed a response to the objections arguing that these issues were sufficiently addressed in the magistrate judge's report and that the

Commissioner's final decision should be affirmed. Docket 16. After a de novo review, the court agrees with Magistrate Judge Duffy and adopts her report and recommendation in full.

In her first objection, Blodgett argues that the ALJ erred in his determination of credibility by failing to consider parts of the record. See, e.g., Jones v. Callahan, 122 F.3d 1148, 1151 (8th Cir. 1997) (noting that "the ALJ must consider all the evidence relating to the claimant's subjective complaints"). In support of her argument Blodgett supplies a number of quotations from medical practitioners that were not in the ALJ's report. Blodgett also cites her history of using pain medication and her husband's third-party opinion as examples of evidence the ALJ did not properly consider. Taken together, Blodgett asserts, these omissions show that the ALJ's credibility determination is not supported by substantial evidence as that standard has been elaborated in case law.

The court disagrees. The Eighth Circuit Court of Appeals has stated that in deciding whether the ALJ erred in determining the credibility of a claimant's subjective testimony, "[i]t is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004). But "[a]n ALJ's failure to cite specific evidence does not indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000); see also Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 2000) (finding it "highly unlikely that the ALJ did not consider and reject" particular statements from a physician when he had mentioned others). In this case the ALJ has met his burden. Although

he did not note Blodgett's examples from the medical record individually, he did record his evaluation of the more significant evidence from each doctor or treatment period. The ALJ also specifically considered the report from Blodgett's husband and mentioned Blodgett's medication refills twice.

Blodgett's other objection, to the ALJ's refusal to give controlling weight to her treating physician, is dealt with specifically and at length by Magistrate Judge Duffy in the report and recommendation. The court agrees with the magistrate judge that the treating physician's "records offer little insight into the source of Ms. Blodgett's pain." Report and Recommendation 68. The court also notes that neither an unsupported conclusory statement nor a medical-source opinion that an applicant is disabled is the type of opinion to which controlling weight should be given. See Ellis v. Barnhart, 392 F.3d 988, 994-96 (8th Cir. 2005); 20 C.F.R. § 404.1527(d)-(e).

After de novo review of the matter, including careful review of all briefs filed by the parties, the court concurs with the recommendation of the magistrate judge for the reasons stated above and those set forth in the thorough and well-reasoned report and recommendation. Therefore, it is hereby

ORDERED that the decision of the Commissioner is affirmed.

Dated August 4, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE